DIEGO G. GONZÁLEZ, Plaintiff and Appellant, *v.* THE PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 10076.   Argued May 10, 1950.—Decided May 19, 1950.

*Manuel A. García Méndez* and *Benjamín Ortiz* for appellant.
*Vicente Géigel Polanco, Attorney General,* and *José Antonio
Arabía, Assistant Attorney General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On July 7, 1944, Diego G. González brought in the District Court of Aguadilla an action for damages against the Isabela Irrigation Service. He based his cause of action substantially on that since 1929 he has been in possession as lessee of a rural property of 703.28 cuerdas, situated in the ward of Arenales, Isabela; that said property was included in the irrigation district created by Act No. 63 of June 19, 1919 (p. 348); that one of the conditions of the lease was that the lessee would pay the irrigation premiums and he did so; that since he acquired possession of said property, the defendant had given him water services for irrigation purposes; and that he devoted 250 cuerdas of the property to the planting, cultivation, and harvesting of sugar cane; that on or about April 1943, he began to plant cane in the 250 cuerdas and requested the defendant to supply the irrigation for that product, which defendant began to supply very poorly until May 5, 1943; that notwithstanding his repeated demands the defendant did not give him water service during the remainder of 1943; that defendant discontinued the irrigation service through his agents and employees, while in the performance of their duties as such, unnecessarily, wilfully and negligently; and that this has caused him damages amounting to $20,701.76.

To this complaint the defendant demurred for insufficiency, for lack of jurisdiction on the person of the defendant and the subject matter of the action brought, and because the defendant has no legal capacity to be sued.

Nothing was done, however, until June 25, 1947, when the plaintiff filed a motion submitting the special defenses set up by the defendant and praying that he be granted a term of thirty days to complete the study thereof. However, on July 22 following, the plaintiff filed another document acquiescing, by virtue of our decision in *Quintero* v. *Irrigation Service*, 66 P.R.R. 887, to the special defenses raised by the defendant and requesting a term of thirty days to file a complaint against the People of Puerto Rico. The court sustained plaintiff's motion over the objection of the defendant, and granted him a term of fifteen days to file said complaint, after posting a bond for $2,000. The bond thus fixed was furnished and approved on December 12, 1947, and on that same date a complaint was filed against the People of Puerto Rico which it could be said, is a verbatim reproduction of the original complaint filed against the Isabela Irrigation Service.

To this new complaint the defendant set up the defenses of prescription, lack of jurisdiction, and want of facts sufficient to constitute a cause of action. In deciding the questions thus raised, the lower court entered a lengthy order in which it stated, among other things, that "since in the complaint of the present case it is not alleged that the damages caused to the plaintiff were caused by a special agent of the People of Puerto Rico, but on the contrary, since the complaint itself discloses that the damages caused to him by depriving him of the water for the irrigation of his cane, was due to the manifest negligence of the employees of the Isabela Irrigation Service, in the course of their employment, as officers appointed by the People of Puerto Rico to render water service to the landowners of said irrigation district of Isabela, we consider that the contention of the defendant has merit and that its motion to dismiss should be granted,

since the complaint does not state facts sufficient to constitute a cause of action." The court concluded that since the complaint was not susceptible of amendment, it should render, as it did, judgment of dismissal, with costs.

From the judgment thus rendered the plaintiff appealed and in support thereof he alleges that the lower court erred in holding: (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the officers of the Isabela Irrigation Service are not special agents of the People of Puerto Rico; (3) that the doctrine of special agents and § 1803 of the Civil Code are applicable to the case at bar; (4) that the People of Puerto Rico is not liable due to the fact that the officers of the Isabela Irrigation Service are not special agents of the People of Puerto Rico; and (5) in rendering judgment definitely dismissing the complaint.

The errors assigned have been jointly discussed by the appellant as well as by the appellee. The questions raised in the last four assignments have been already decided by this Court in *Quintero* v. *Irrigation Service, supra.* Said case dealt with a similar action. We stated on page 895 the following:

". . . plaintiff's action is against the People of Puerto Rico and not against the Isabela Irrigation Service and . . . since the People of Puerto Rico assumes responsibility for the damages caused by the employees of the Irrigation Service . . . , neither the special agent doctrine contained in § 1803 of the Civil Code nor . . . are applicable."

We also held that the employees of the Isabela Irrigation Service are not special agents of the People of Puerto Rico within the meaning of said Section. Consequently, the complaint filed in this case is sufficient.

In *Rodríguez* v. *District Court*, 70 P.R.R. 867, we also held that when the People of Puerto Rico assumed responsibility under Act No. 63 of May 6, 1919, as amended by Act No. 130 of May 6, 1938, p. 281, it had done so without any limitation.

██ As a closing argument to support his contention that the judgment appealed from should be affirmed, defendant alleges in his brief, after an ample discussion of the errors assigned by the appellant, that the action against the People of Puerto Rico, if proper, had prescribed. It will be recalled that as we have already stated, the alleged damages were caused to the plaintiff during 1943; that the original complaint against the Isabela Irrigation Service was filed on July 7, 1944, and that it was not until December 12, 1947 that the complaint, subject matter of this appeal, was filed against the People of Puerto Rico.

Section 9 of Act No. 76 of April 13, 1916 (p. 151) provides that "all actions against The People of Porto Rico shall be prescribed, if suit is not begun within one year after the cause of action arises; . . . " If we were to adhere strictly to the letter of the statute, we would have to conclude that the complaint brought in 1947 against the People of Puerto Rico has prescribed. In so holding we would commit an injustice, inasmuch as the plaintiff acted in accordance with our decision in *Banuchi* v. *Irrigation District*, 43 P.R.R. 751 and 52 P.R.R. 354. We stated therein that causes of action like the one herein should be brought against the Irrigation Service and not against the People of Puerto Rico. Here, as in the case of *Quintero* v. *Irrigation Service, supra,* and in view of the change of the theory of this Court, we must consider that the lower court may grant permission to file the complaint under consideration. See also *Mayagüez Light Power & Ice Co.* v. *Tax Court,* 65 P.R.R. 28, in which we expressed ourselves at page 33 thus:

"Fortunately, there is a legal theory at hand which we think can be applied to this case; namely, the rule that those who have obtained property or contract rights in reliance on a decision of a court of last resort may under certain circumstances be protected in those rights, despite the subsequent reversal of the decision in question."

Under these circumstances the action brought on December 12, 1947 against the People of Puerto Rico has not prescribed.

The judgment appealed from will be reversed and the case remanded to the District Court of Aguadilla for further proceedings not inconsistent with this opinion.

Mr. Justice Snyder did not participate herein.

Mr. Justice Negrón Fernández took no part in the decision of the case.